IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HENRY RIVERA RODRIGUEZ,

    Petitioner,

    v.                                  CASE NO. 20-3297-JWL

ROBERT GUADIAN, et al.,

    Respondents.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is currently detained at the Chase County Jail in Cottonwood Falls, Kansas, on the authority of the Enforcement and Removal Operations ("ERO"), Immigration and Custom Enforcement ("ICE"), a sub agency of the U.S. Department of Homeland Security ("DHS"). Petitioner seeks immediate release from custody, asserting that his continued detention pending removal has exceeded the six-month period considered presumptively reasonable.

On January 25, 2021, the Court entered a Memorandum and Order (Doc. 6) setting forth the underlying facts and legal standards in detail. The Court found that Petitioner met the initial burden under *Zadvydas v. Davis*, 533 U.S. 678 (2001), by showing that he had been held for more than six months following the order of removal without any significant likelihood of removal in the reasonably foreseeable future. The Court found that the burden therefore shifted to Respondents to rebut that showing.

Respondents assert that Venezuela has not refused to accept Petitioner; to the contrary, Venezuela previously issued a travel document to facilitate Petitioner's removal and has recently indicated its intent to provide an updated travel document to replace the one that expired.

Respondents allege that since flights to Venezuela have now resumed from a select few countries, it is anticipated that ERO will be able to either remove Petitioner to Venezuela or escort him to a last port destination (e.g. Mexico) and visually observe Petitioner board an outbound plane destined to Venezuela to effect Petitioner's removal.  Respondents state that "ICE ERO anticipates a tentative removal date scheduled to occur before January 31, 2021." (Doc. 3, at 12.)

The Court ordered the parties to submit status reports in light of a January 20, 2021 Memorandum by the Acting Secretary of DHS, placing a 100-day moratorium on removals and directing the Acting Director of ICE to submit instructions and guidance on implementation of the removal pause by February 1, 2021.  The parties have now filed status reports (Docs. 7, 8 and 9), indicating that the United States District Court for the Southern District of Texas has entered a nationwide temporary restraining order enjoining the 100-day pause on removals until February 23, 2021.  *See* Doc. 7–1, at 11–28 (Order Granting Plaintiff's Emergency Application for a Temporary Restraining Order); Doc. 9–1 (extending the TRO pending consideration of preliminary injunction).

Respondents anticipated a tentative removal date scheduled to occur before January 31, 2021.  Although this tentative date has passed, the Court finds that Respondents have met their burden of rebutting the showing that there is no significant likelihood of removal in the reasonably foreseeable future.  Respondents have shown that:  currently there is no pause on removals; Venezuela previously issued travel documents to facilitate Petitioner's removal and has indicated its intent to provide updated travel documents to replace the expired documents; flights to Venezuela have resumed from select countries; and ERO anticipates that it will be able to either remove Petitioner to Venezuela or escort him to a last port destination (e.g. Mexico) and

visually observe Petitioner board an outbound plane destined to Venezuela to effect Petitioner's removal.  Therefore, the petition for habeas corpus is denied.

**IT IS THEREFORE BY THE COURT ORDERED** that the petition for habeas corpus is **denied.**

**IT IS SO ORDERED**.

**Dated February 18, 2021, in Kansas City, Kansas.**

<u>s/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**